UNITED STATES DISTRICT COURT
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| ROBBIE ROJAS | § | |
| | § | CASE NUMBER: |
| | § | |
| V. | § | |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| ELTMAN, ELTMAN & COOPER, PC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. This is an action for actual and statutory damages and for declaratory relief brought by Robbie Rojas against Eltman, Eltman & Cooper, PC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA"), and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to U.S.C. § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

3. Plaintiff Robbie Rojas, ("Rojas") is a natural person residing in Harris County, Texas, who allegedly owed an unpaid balance on a credit card obtained for personal use. Rojas is a "consumer" as defined by the FDCPA at 15 U.S.C. § 1692a(3) and by the TDCA at Tex. Fin. Code § 392.001(1).

4. Defendant Eltman, Eltman & Cooper, PC ("EEC") is a collection law firm based in New York and is in the business of collecting consumer debts in this State. Using instruments of interstate commerce, EEC sought to collect from Rojas the unpaid balance allegedly due on a credit card account. EEC has filed with the Texas Secretary of State a surety bond to engage in debt collection activities in Texas (File No. 20060166). EEC is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Finance Code § 392.001(6). EEC is also a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS

5. On March 29, 2006, Great Seneca Financial Corp, a Maryland Corporation, filed a lawsuit against Robbie Rojas, Plaintiff herein, bearing cause number 860,804 in the Harris County, Texas, County Court at Law Number 1.

6. On June 30, 2006, Great Seneca Financial Corp., received a default judgment against Robbie Rojas, Plaintiff herein, in the amount of $10,406.86 plus pre-judgment interest in the amount of $1,808.23, plus attorney's fees in the amount of $1,561.03 and costs of suit. See attached Exhibit "A".

7. On December 19, 2014, Defendant EEC, filed a notice of appearance and an assignment of judgment, assigning the judgment to Palisades Acquisitions XVI. Caitlin Boyle, who upon information and belief, is employed by Defendant EEC, signed the assignment of judgment under oath. The assignment of judgment states that the default judgment that was entered in June of 2006 was in the amount of $22,776.12 plus interest and costs. See attached Exhibit "B".

8. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

9. The foregoing acts and omissions of the Defendant was undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

10. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by the Defendant in its collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, <u>Bartlett v. Heibl</u>, 128 F3d. 497, 500 (7th Cir. 1997); <u>Chauncey v. JDR</u>, 118 F.3d 516, 519 (7th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996); and <u>Gammon v. GC Services, LTD. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violations Of The FDCPA

11. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

    a. Misstating the balance awarded in the judgment, which violates 15 U.S.C. § 1692e, e2, e4, e5, e10, f and f6 amongst others.

12. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## COUNT II
### Violations of the Texas Debt Collection Act

13. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

    a. Misstating the balance awarded in the judgment, which violates Texas Fin. Code Sec. 392.304(a)(8) and (19) amongst others.

14. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT III
### Violations of the Texas Deceptive Trades Practices Act

15. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

   a. Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

16. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render him liable to Plaintiff for injunctive relief and reasonable attorney's fees.

## PRAYER FOR RELIEF

Plaintiff, Robbie Rojas, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA, TDCA and the DTPA;

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA;

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, exemplary damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;

4. Grant such further relief as deemed just.

Respectfully submitted,

Heston Ciment, PLLC

/s/ Daniel J. Ciment
_____
James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
1800 S. Mason Rd.,
Suite 240
Katy, TX 77450
713-270-4833 – phone
713-583-9296 – fax
Daniel@HestonCiment.com
ATTORNEYS FOR PLAINTIFF